33 F.3d 65
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lloyd A. SIMON, Sr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7082.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Lloyd A. Simon's appeal for lack of jurisdiction. Simon opposes.
 
 
 2
 Simon served on active duty from from December 1950 until October 1953. On May 4, 1992, the Department of Veterans Affairs Regional Office issued a decision denying Simon's claim for benefits. Without waiting for a Board of Veterans Appeals' decision, Simon filed a notice of appeal with the Court of Veterans Appeals. Simon also filed an "application for a writ of mandamus" and a motion to suspend the Court of Veterans Appeals' rules requiring a final decision from the Board.
 
 
 3
 The Court of Veterans Appeals denied the writ of mandamus on the ground that Simon had not established clear entitlement to the writ or that he lacked adequate alternative means to obtain the relief sought and dismissed his appeal for failure to exhaust his administrative remedies because there was no final Board decision to review. Simon appealed to the United States Court of Appeals for the Fifth Circuit. On June 10, 1993, the Fifth Circuit transferred Simon's appeal to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Simon challenges only factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) All other motions are moot.
 
 
 10
 (4) Each side shall bear its own costs.